

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-1485
Re:  Application of Article 7047e,
Vernon's Annotated Civil Stat-
utes, levying a stamp tax, to
certain instruments.

We received your letters of September 20 and September 22, 1939, requesting our opinion in response to the following questions:

"1. A deed of trust securing a note for $5,000.00 was executed and filed for record in September of 1938, and of course no stamps were placed upon the instrument. A new instru- ment has now been executed in which an addi- tional $100.00 is being advanced, which is be- ing incorporated and made a part of the orig- inal note and deed of trust. The time and amount of payments and interest on the note are not changed. Is such an instrument sub- ject to the note tax?

"2. A deed of trust securing a note for $5,000.00 was executed and filed for record be- fore the note tax went into effect. A new in- strument has now been executed for the sole pur- pose of reducing the interest rate, the princi- pal, payments and time of maturity remaining the same. Is such an instrument subject to the note tax?

"3. A deed of trust securing a note for $55,000.00 was executed and filed for record prior to the effective date of the note tax law.

Honorable John R. Shook, Page 2

The note is payable in semi-annual installments until December 1946, at which time the balance in the sum of $28,000.00 will become due. An instrument has been executed and presented for recording extending the time of payment of the $28,000.00 that will become due in 1946. There is now due on the note the sum of $48,000.00. Is the instrument taxable as to the sum of $48,000.00 now due, or only the sum of $28,000.00, the payment of which alone is extended?

"4. If in the preceding fact situation, the rate of interest provided in the original note is being reduced by the new instrument, would the question be answered the same or differently?

5. "Is the contract of a mechanic, contractor or material man subject to the tax when filed in accordance with Article 5453 of the R. C. S., to secure a lien upon property enumerated in Article 5452?

6. "Is the affidavit of a mechanic, contractor or material man subject to the tax when filed for record in accordance with Article 5455 to secure a mechanic's lien when labor has been performed or material furnished by virtue of an oral contract?"

Article 7047e, Vernon's Annotated Civil Statutes, the same being Senate Bill No. 24, Acts 1939, 46th Legislature, reads in part as follows:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or

Honorable John R. Shook, Page 3

less.  After the effective date of this Act, ex-
cept as hereinafter provided, no such instrument
shall be filed or recorded by any County Clerk
in this State until there has been affixed to such
instrument stamps in accordance with the provi-
sions of this section;  providing further that
should the instrument filed in the office of the
County Clerk be security of an obligation that has
property pledged as security in a State or States
other than Texas, the tax shall be based upon the
reasonable cash value of all property pledged in
Texas in the proportion that said property in Texas
bears to the total value of the property securing
the obligations;  and, providing further that, ex-
cept as to renewals or extensions of accrued in-
terest, the provisions of this section shall not
apply to instruments given in renewal or extensions
of instruments theretofore stamped under the provi-
sions of this Act or the one amended hereby, and
shall not apply to instruments given in the refund-
ing of existing bonds or obligations where the pre-
ceding instrument of security was stamped in accord-
ance with this Act or the one amended hereby;  pro-
vided further that the tax levied in this Act shall
apply to only one instrument, the one of the great-
est denomination, where several instruments are con-
temporaneously executed to secure one obligation;
and provided further that when once stamped as pro-
vided herein, an instrument may be recorded in any
number of counties in this State without again being
so stamped . . ."

You will notice that after levying the tax the Stat-
ute then provides that "after the effective date of this Act,
except as hereinafter provided, no such instrument shall be
filed . . . until there has been affixed to such instrument
stamps in accordance with the provisions of this section."
There then follow various exceptions, among which is an excep-
tion in favor of extensions and renewals of instruments which
have been theretofore stamped.  There is no exception in the
statute under which either of the instruments mentioned in
your first two questions may fall.  Under the expressed terms
of the statute, therefore, both of such instruments are sub-
ject to the tax levied by Article 7047e and your first two
questions are answered in the affirmative.

If the instrument mentioned in your third question is a deed of trust securing the whole indebtedness of $46,000.00, then such instrument is taxable as to the whole of such sum. On the contrary, if it is merely an extension agreement pertaining only to the sum of $28,000.00, then, of course, the instrument should be stamped only as to that amount. We answer your third question in that manner since you do not make it clear as to the exact nature of the instrument in question.

Replying to your fourth question, it is our opinion that your third question would be answered the same, even though the rate of interest provided in the original note is reduced by the new instrument.

It is thought that your fifth question has reference to a written contract filed under Section 1 of Article 5453, Revised Civil Statutes. Article 7047e expressly provides for the stamping of mechanic's lien contracts and the written contract of a contractor or materialman would be an instrument of a similar nature. Our answer to your fifth question, therefore, is in the affirmative.

In our opinion No. 0-474, dated March 27, 1939, addressed to the State Treasurer, we held that affidavits made under Article 5453, 5455 and 5456, Revised Civil Statutes, were not subject to the stamp tax levied by Article 7047e, Vernon's Annotated Civil Statutes, as the same existed prior to the amendment by the Forty-sixth Legislature. Said Senate Bill No. 24, Forty-sixth Legislature, contains no amendment to the old article which in our opinion would affect our holding in this regard. Accordingly, our answer to your sixth question is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:FL APPROVED OCT 2, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVE
OPINION
COMMITTE
BY _BW_